IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| VALEDA COMPANY, LLC, | ) | CASE NO. 5:21-CV-02392-SL |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| AMF BRUNS AMERICA, L.P., | ) | CARMEN E. HENDERSON |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant, | ) | |

### I. Introduction

This is before the undersigned on Defendant's Emergency Motion to modify preliminary injunction. (ECF No. 21). Plaintiff opposed the motion. (ECF No. 22). The matter was referred to the undersigned. The undersigned held a video conference on April 20, 2022. For the following reasons, the undersigned RECOMMENDS that the Court DENY Defendant's motion.

### II. Background

On March 23, 2022, the parties moved for the Court to enter a stipulated preliminary injunction. (ECF No. 17). That same day, the Court granted the motion. (ECF No. 18). The stipulated preliminary injunction contained the following relevant provisions:

> AMF, its directors, officers, employees, agents, servants, and all
> those in active concert or participation with them:

1

> A. Are hereby enjoined, effective June 1, 2022, and until expiration of the '037 Patent, from making, using, selling, offering to sell, and importing its Protektor 2.0 SilverSeries and BronzeSeries wheelchair restraints utilizing a retractor directly connected to an anchor as shown below ("direct-mount configuration"), and any other wheelchair restraints that are no more than colorably different, without the use of an angled bracket separating the retractor from the anchor; . . . [and]
>
> D. Are hereby enjoined, effective April 1, 2022, and until expiration of the '037 Patent, from depicting or promoting products embodying the direct-mount configuration;

(ECF No. 18). On April 13, 2022, Plaintiff's counsel informed Defendant's counsel that Defendant had violated the preliminary injunction by displaying the accused product at a trade show. On April 15, 2022, Defendant filed this motion asking the Court to modify the preliminary injunction. Defendant argues that the two provisions conflict because it is permitted to sell the accused product until June 1, 2022 but can no longer depict or promote the products. Defendant is scheduled to attend multiple trade shows and requests that the Court, in equity, modify the injunction to allow the promotion of the accused device.

**III. Law & Analysis**

A district court has the power to modify an injunction. *Gooch v. Life Invs. Ins. Co. of Am.*, 672 F.3d 402, 414 (6th Cir. 2012). This power "springs from the court's authority 'to relieve inequities that arise after the original order.'" *Id.* (citations omitted). "However, such judicial intervention is guarded carefully: To obtain modification or dissolution of an injunction, a movant must demonstrate significant 'changes in fact, law, or circumstance since the previous ruling.'" *Id.* (citations omitted). "It is not enough that the party was merely previously unaware of evidence's existence; the evidence must not have been 'reasonably discovery by due diligence during the original proceeding." *Id.* at 415 (citations omitted).

There is no dispute that there has been no change in fact, law, or circumstance. Defendant admits that it knew of the provision but did not fully understand its affect until now. Defendant stated in its motion:

> To be sure, AMF Bruns America could have avoided the position in which it finds itself if it had spotted the conflict between the provisions in the Preliminary Injunction that permit it to offer the direct mount design restraints for sale until May 31, 2022, but prohibit it from promoting or depicting them after March 30, 2022.

(ECF No. 21, PageID #:135). The undersigned, therefore, concludes there has not been a change that would warrant a modification to the preliminary injunction.

Nonetheless, Defendant requests that the Court modify the injunction based on the equities. The undersigned does not find that the equities warrant such a modification for the following reasons. First, Defendant was aware of the provision going in. Indeed, in drafting the stipulated agreement, Defendant made edits to the provision now at issue. Defendant changed the relevant wording from "displaying and marketing" to "depicting and promoting"—but did not change the April 1, 2022 date. Further, after making this change, Plaintiffs asked to make another edit to the provision, explaining: "We want the injunction to preclude more than just market materials, but also in person demonstrations, tradeshows, sales presentations, training, etc." (ECF No. 22-3, PageID #: 192). Counsel for Defendant responded: "The client approves of the proposed changes." (ECF No. 22-3, PageID #: 191). The undersigned will not recommend modification now that Defendant is unhappy with its agreement.

Second, the preliminary injunction does not prohibit Defendant from selling the accused products. The "promotion or depicting" provision does not preclude Defendant from selling the product in other ways. The parties in fact admitted that there were other ways for Defendant to continue to sell the products. Finally, to the extent Defendant argues that the preliminary injunction

3

prevents it from providing user's manuals to its customers because they display the accused product, the undersigned notes that Defendant previously had a user manual that did not display the product. Defendant can use that user's manual once more. The undersigned, therefore, concludes that the equities do not weigh in favor of modification.

## IV. Recommendation

Accordingly, the undersigned recommends that the Court DENY Defendant's motion to modify the preliminary injunction. Additionally, because Defendant is currently at trade shows and will continue to attend them for the next few weeks, the undersigned recommends that the Court shorten the period to object to this recommendation to one day.

Dated: April 20, 2022

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

---

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F. 3d 520, 530–31 (6th Cir. 2019).